SIBLEY v. LAWRENCE & GARNER.

1. **Homestead:** COAL THEREUNDER: LEASE: JUDICIAL SALE. A lease which provides that the lessee may mine the coal found underlying the homestead of the lessor does not create such a separate estate therein as to enable a creditor of the lessor to sell the coal under an execution against him.

*Appeal from the Appanoose District Court.*

WEDNESDAY, OCTOBER 3.

ACTION to settle and determine the rights of the parties as to the title and ownership of certain real estate, consisting of

less than forty acres of land not within a town plat, and which is underlaid with coal. The plaintiff is the owner of the title subject to a lease or privilege granted of mining the coal, and claims the same as his homestead. The defendant makes no claim to the surface but claims to be the owner of the coal under and by virtue of a purchase and a conveyance thereof at a sale under an execution against the plaintiff. The District Court found for the plaintiff, rendered judgment accordingly, and defendants appeal.

*Tannehill & Fee*, for appellant.

*Baker & Drake*, for appellee.

SEEVERS, J.—The plaintiff and one Robley were owners in common of certain real estate, which constituted their homesteads. They together with their wives executed a certain agreement in writing, whereby they "granted and conveyed unto the Iowa & Missouri Coal and Lead Company, their assigns or successors, the privilege of mining all the coal underlying" certain described premises, "together with the right of ingress and egress, the right of way for one or more tramways, and the right to use so much of the surface as may be necessary for the erection of buildings for the convenient mining of said land, together with the right of way across such lands as said parties now, or their heirs or assigns may have; said grant to remain in full force for ninety-nine years from date of these presents, or until the coal hereby granted is exhausted; that in consideration of said mining privilege said company covenants and agrees to pay, on the 15th day of each month, one-half cent per bushel for all mercantile coal mined by said company."

Afterward, the plaintiff and Robley quit claimed to each other certain portions of said premises "except (our) their interest in the coal lease of the Iowa & Missouri Coal and Lead Company."

Afterward, the sheriff, under and by virtue of an execution against the plaintiff, levied on, sold and conveyed to the defendants "Ira D. Sibley's undivided one-half interest in all

the coal underlying the surface of the following described real estate  *  *  *  *  *  *  *  * . "

At the time of the sale under execution, the plaintiff notified the sheriff that the premises constituted his homestead, and claimed that such homestead included the coal underlying the surface.

It was conceded by the defendants at the hearing in the District Court, " that at the date of the levy of the execution and the sale made thereunder  *  *  *  the plaintiff had a homestead right in said land in controversy except the coal therein contained."

This concession leaves for determination but a single question, and that is whether the defendants took anything under and by virtue of their purchase at the execution sale. It is claimed and practically conceded that one person may own the surface and another the coal or other mineral underlying it, and that if the coal in question constituted, at the time it was sold under the execution, a part of the homestead, then the sale was invalid and the defendants obtained no rights thereunder.

1. HOMESTEAD: coal thereunder: lease: judicial sale.

It is insisted by appellants that the mining privilege granted to the coal and lead company amounts to a sale and conveyance of the coal, and in legal contemplation constitutes a severance of the coal from the surface and created a separate and independent estate. This argument proves too much, for, if true, such independent estate was vested in the coal and lead company, and there was nothing which could be sold on execution, and the defendant obtained no right or interest by his purchase. It is properly conceded by counsel that but for the lease the coal in question constituted a part of the homestead and could not be sold on execution. The lease grants for the period of ninety-nine years the privilege of mining the coal, but suppose such privilege was never exercised, does the mere lease or grant, in legal contemplation, sever the coal from the residue of the estate, or must there not be a severance in fact of the coal, and when it is so severed does not the coal become the property of the lessee, and if so, what right or interest did the defendant get in the coal under the sale and convey-

ance made by the sheriff? If they got anything it was only the right to collect and receive the amount agreed to be paid by the lessee for so much coal as was mined. In other words, the defendant obtained, if anything, the right to enforce the payments specified in the lease or the right of a personal action against the lessee. But this is a very different thing from an interest or title in real estate.

Again, there is nothing in the lease requiring the lessee to mine coal, or that will prevent him from abandoning the mining business or from canceling the lease. In such case can it be successfully insisted that the defendants by their purchase could lease the mining right to some one else. We think it entirely clear they could not. If the execution had been against the lessee and there had been a sale of his interest the purchaser would have obtained different rights and interests.

Suppose there had been growing on this land timber suitable for railroad ties, and the plaintiff had granted the privilege to another to cut and remove from the premises all such timber for a certain compensation for each tie; would such a contract amount to a severance of the timber while standing and the creation of an independent estate? We think not. Until there was a severance in fact, such timber so standing constituted a part and parcel of the homestead to the same extent as if the contract had never been made. So with this coal until it was in fact severed, at which time only it ceased to be a part of the homestead and the plaintiff at the same instant of time ceased to own the same and it became the property of the lessee.

We arrive at the conclusion that the lease in question did not create such an estate in the coal, or amount to a severance of the coal from the homestead right, so as to enable a creditor of the lessor to sell the same under execution against him.

AFFIRMED.